**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **DEXON CABALLERO-PACHECO** | **CASE NO. 1:26-CV-03678 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JONATHAN CRAWFORD, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**ORDER**

Before the Court is an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" [ECF No. 1], filed by Petitioner Dexon Caballero-Pacheo. No complaint has been filed. "A civil action is commenced by filing a complaint with the court."[1] Without the filing of a complaint, a district court "lacks power to issue preliminary injunctive relief."[2] Accordingly,

IT IS HEREBY ORDERED that the "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" [ECF No. 1] is DENIED.

THUS DONE in Chambers on this 23rd day of September, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[1] FED. R. CIV. P. 3.

[2] *Powell v. Rios*, 241 Fed.Appx. 500, 505 n.4 (10th Cir. 2007) (collecting cases); *LeBoeuf, Lamb, Grene & MacRae, LLP v. Abraham*, 180 F.Supp.2d 65, 69 (D.D.C. 2001) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief."); *Oba v. Goord*, 180 F.R.D. 244, 245 (W.D.N.Y. 1998); *P. K. Family Rest. v. Internal Revenue Serv.*, 535 F.Supp. 1223, 1224 (N.D. Ohio 1982); *see also A & R Eng'g & Testing, Inc. v. Scott*, 72 F.4th 685, 691 (5th Cir.2023) ("But the age-old jurisdictional rule is that plaintiffs must establish a case or controversy in their complaint before they can obtain an injunction.").