**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **DEXON CABALLERO-PACHECO** | **CASE NO. 1:26-CV-03678 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JONATHAN CRAWFORD, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

# ORDER

Presently before the Court is an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [ECF No. 8] filed by Petitioner Dexon Caballero-Pacheco. Petitioner seeks an order granting his immediate release from custody, or alternatively, a "prompt, constitutionally adequate individualized custody hearing before a neutral decision-maker," as well as an order prohibiting his transfer outside of the Court's jurisdiction while his habeas petition remains pending.[1] The requested relief is the same remedy sought in the Petition for Habeas Corpus.

Preliminary injunctive relief is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on the following four elements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[2] The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule."[3]

---

[1] ECF No. 8 at 14.
[2] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621–22 (5th Cir.1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).
[3] *Miss. Power & Light Co.* at 621.

"The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks."[4] Rather, it is to preserve the status quo and "prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits."[5] Here, Petitioner seeks an injunction granting the ultimate relief he seeks on the merits of his habeas petition—immediate release or an individualized bond hearing.[6] Where a motion for injunctive relief mirrors the allegations in support of the habeas petition (as in this matter) and both seek the same relief, the motion for injunctive relief may be denied.[7] "Otherwise, a motion for preliminary injunction seeking immediate release would function as a form of accelerated review, circumventing the habeas process."[8] As recently set forth by another judge of this District,

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. The Court will not allow Petitioner to commit an end-run around the habeas process.[9]

Further, to the extent Petitioner seeks an order prohibiting his transfer to another jurisdiction, such a transfer would not deprive the Court of jurisdiction, and therefore injunctive relief is unwarranted.[10] For these reasons,

---

[4] *WarnerVision Entm't Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261–62 (2d Cir. 1996); *see also Lackey v. Stinnie*, 604 U.S. 192, 200 (2025).
[5] *Meis v. Sanitas Serv. Corp.*, 511 F.2d 655, 656 (5th Cir. 1975); *see also Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022).
[6] *Compare* ECF No. 8 at 13–14, *with* ECF No. 5-1 at 13–14.
[7] *Stines v. Superintendent*, No. 24-CV-456, 2025 WL 1448358, at *2 (N.D.N.Y. May 20, 2025) (quoting *Lawry v. Wolcott*, No. 20-CV-588, 2020 WL 4018344, *6 (W.D.N.Y. July 15, 2020); *accord Meade v. Spaulding*, No. 16-CV-2212, 2017 WL 3425181, at *2 (M.D. Pa. Aug. 9, 2017).
[8] *Stines*, *supra*.
[9] *Rodriguez v. Lyons*, No. 25-CV-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025).
[10] *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

IT IS ORDERED THAT the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [ECF No. 8] is DENIED. The petition for habeas corpus will be ruled on in due course.

THUS DONE in Chambers on this 13th day of October, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE